In re **ALLIED MECHANICAL AND PLUMBING CORP.,**
Debtor, Plaintiff,

v.

**DYNAMIC HOSTELS HOUSING DEVELOPMENT FUND CO., INC., Mundo Developers, Ltd., and St. Paul Fire and Marine Insurance Co., Defendants.**

**Bankruptcy No. 85 B 20583.**
**86 Adv. No. 6025.**

United States Bankruptcy Court,
S.D. New York.

July 7, 1986.

Buonomo & Thaler, Bronx, N.Y., for plaintiff-debtor; Donald G. Buonomo, of counsel.

Gottesman, Wolgel, Smith & Secunda, P.C., New York City, for defendants Mundo and St. Paul; Darryl Weissman, of counsel.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Two of the three defendants in this adversary proceeding namely, Mundo Developers, Ltd. ("Mundo") and St. Paul Fire & Marine Insurance Co. ("St. Paul"), have moved for an order of dismissal pursuant to Fed.R.Civ.P. 12(b) on the ground that this court lacks subject matter jurisdiction, or in the alternative, for mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2).

The plaintiff Allied Mechanical and Plumbing Corp. filed with this court on December 12, 1985 its petition for reorganizational relief under Chapter 11 of the Bankruptcy Code. Thereafter, on April 22, 1986, the debtor commenced an adversary proceeding pursuant to Bankruptcy Rule 7001 against Mundo, as a general contractor and St. Paul as Mundo's bonding company for work, labor and services allegedly performed by the debtor in connection with certain real estate in Bronx County, New York in accordance with the terms of an agreement in writing. Dynamic Hostels Housing Development Fund Co., Inc. ("Dynamic"), the owner of the real estate in question was also named by the debtor as a defendant in the adversary proceeding.

The debtor alleges that it performed work, labor and services and furnished materials for the improvement of the real estate owned by Dynamic pursuant to a written agreement with Mundo during the period between May 15, 1983 and April 24, 1984 and furnished extra work and materials not provided under the agreement, but as specifically requested by Mundo for a total claim of $74,110.51, with interest from April 26, 1984. The debtor further alleges that, within four months after the completion of the agreed contracted work, it filed a verified notice of lien in the offices of the Bronx County Clerk. On August 2, 1984, Mundo filed with the Bronx County Clerk a bond issued by St. Paul, as surety, in the sum of $85,300, as directed by an order of the New York Supreme Court, Bronx County, dated July 6, 1984, which discharged the debtor's lien. The bond served to secure the payment of any judgment that might be rendered against the real estate in question for the enforcement of the debtor's lien. The debtor's complaint in this adversary proceeding seeks, among other things, to recover a judgment against the defendants for the enforcement of its lien in the sum of $74,110.51, with interest from April 26, 1984. In the event it is determined that the debtor does not have a valid lien against the real estate in question, the

debtor seeks to recover a personal judgment against Mundo for an identical sum.

The defendants, Mundo and St. Paul, filed with this court their answer to the debtor's complaint in this adversary proceeding, which asserts general denials, various affirmative defenses, including the allegation that the complaint fails to state a claim upon which relief can be granted, and a counterclaim against the debtor for the alleged failure of the debtor's performance under the written contract between the parties, which failure is claimed to have resulted in damage to Mundo in excess of $80,000.

In August of 1984, prior to the commencement of this Chapter 11 case, the debtor and another entity commenced a substantially similar action in the New York Supreme Court, Bronx County, against the defendants named in this adversary proceeding and other defendants who might have filed liens against the properties in question. The debtor's first cause of action in the state court action is substantially the same as the debtor's complaint in this adversary proceeding, except that the co-plaintiff in the state court action is not a party to this proceeding. The defendants, Mundo and St. Paul, also filed a counterclaim against the debtor in the prepetition state court action seeking to recover damages against the debtor in the sum of $80,000 for the debtor's alleged failure to complete the work under its written agreement with the defendants. Thus, the defendants' counterclaim in the prepetition state court action substantially mirrors the counterclaim they filed in this adversary proceeding in response to the debtor's complaint which parallels the first cause of action in the complaint against these defendants in the prepetition state action.

The prepetition state court action is still pending; discovery proceedings have been conducted and motions were made and decided by the state court.

The defendants, Mundo and St. Paul, maintain that the concept of mandatory abstention as directed by 28 U.S.C. § 1334(c)(2) should apply to this adversary proceeding, especially since the debtor's prepetition state court action includes as a plaintiff an entity known as Lena Marcella Construction Corp. and includes as defendants various other parties holding liens which have been filed against the Bronx County real estate in question. Mundo and St. Paul contend that Lena Marcella Construction Corp. is a necessary party plaintiff in this adversary proceeding and that the omission of this entity as a party to this adversary proceeding as well as the omission of the various lienors named as defendants in the prepetition state court action prevents a complete determination of the dispute between the parties. Therefore, Mundo and St. Paul argue that this court should abstain from hearing this adversary proceeding so that the debtor's pending prepetition state court action should proceed to a complete determination of the contractual dispute between all the parties.

## DISCUSSION

The defendants' motion to dismiss the debtor's adversary proceeding for lack of subject matter jurisdiction would have carried greater conviction during the period commencing after the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct., 2858, 73 L.Ed.2d 598 (1982) and ending before July 10, 1984, the effective date of 28 U.S.C. § 1334(b), which confers original but not exclusive jurisdiction on the district courts of all civil proceedings arising under Title 11 (11 U.S.C. § 1 *et seq.*), or arising in or related to cases under Title 11. The debtor's adversary proceeding asserts a state law cause of action for work and materials furnished by the debtor in accordance with a written contract between the debtor and the defendants. The debtor's cause of action relates to this Chapter 11 case within the meaning of 28 U.S.C. § 1334(b) and has been referred to this court pursuant to 28 U.S.C. § 157(a). Accordingly, there is no lack of subject matter jurisdiction. The issue to be resolved, however, is whether this court

should abstain from hearing this adversary proceeding so that the dispute between the parties may be resolved in the pending prepetition state court action.

The factors to be addressed in considering a request for mandatory abstention from the exercise of bankruptcy jurisdiction are delineated in 28 U.S.C. § 1334(c)(2), which reads:

> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

■ (1) A party in a proceeding must make a timely motion for abstention by the court. The debtor's adversary proceeding was commenced on April 22, 1986. The defendants, Mundo and St. Paul, filed their verified answer and counterclaim on June 4, 1986. Their notice of motion requesting abstention was served on June 23, 1986. There is no question that the defendants' motion was timely filed.

■ (2) The adversary proceeding must be "based upon a state law claim or state law cause of action." The debtor's complaint alleges that it furnished work and materials pursuant to a written contract with the defendants for the improvement of certain real estate in Bronx County, New York. The defendants' answer and counterclaim asserts that the debtor failed to perform all of the terms and conditions of the written contract. Thus, the plead-

ings in the adversary proceeding are based on state law contract and lien theories.

■ (3) The adversary proceeding must be "related to" this Title 11 case but it must not "arise under" the Title 11 case or "arise in" the Title 11 case. In other words the right to relief in the adversary proceeding must not depend upon the construction or application of bankruptcy law as expressed in Title 11. Where the issues raised in the adversary proceeding involve a state law breach of contract dispute which would not have been commenced in the bankruptcy court but for the bankruptcy filing, the adversary proceeding should be regarded as a "related to" case which does not "arise under title 11" or "arise in" a case under title 11. *Atlas Automation, Inc. v. Jensen, Inc. (In re Atlas Automation, Inc.)*, 42 B.R. 246 (Bankr.E.D.Mich. 1984); *Dakota Grain Systems, Inc. v. Rauser Construction, Inc. (In re Dakota Grain Systems, Inc.)*, 41 B.R. 749 (Bankr. N.D.1984). The instant case meets this requirement. The claims asserted in the adversary action are purely state law contract and lien issues and do not have a Title 11 nexus.

■ (4) The adversary proceeding must be one which could not have been commenced "in a court of the United States absent jurisdiction under this section [§ 1334]." This factor requires an absence of federal court subject matter jurisdiction over the claims asserted in the adversary proceeding without reliance on bankruptcy jurisdictional grants under § 1334. In the instant case there is no diversity or federal question jurisdiction over the state law breach of contract dispute which would support federal court subject matter jurisdiction over this adversary proceeding apart from the bankruptcy filing.

■ (5) An action must have been commenced and is pending in a state forum of appropriate jurisdiction. The debtor in this case commenced a prepetition action against the defendants in the New York Supreme Court, Bronx County, which is substantially similar to this adversary pro-

ceeding and seeks the same relief as claimed in the instant proceeding. The state court action is still pending.

■■■ (6) The pending state court action must be one that "can be timely adjudicated" in that forum. A naked assertion that the matter can be timely adjudicated in the state court, without more is insufficient to satisfy this requirement. *Burgess v. Liberty Savings Association (In re Burgess)*, 51 B.R. 300, 302 (Bankr.S.D.Ohio 1985). However, in the instant case it appears that discovery proceedings are continuing, the state court has rendered decisions on motions and the case is actively proceeding towards a trial. Additionally, the defendants assert that they will demand a jury trial to determine the breach of contract damages claimed in the complaint and in their counterclaim. In the interests of comity and mindful of the legislative concern to allow state courts to continue to interpret state law, this court is satisfied that the state law breach of contract dispute between the parties can be efficiently and timely adjudicated in the state forum. *See Mattingly v. Newport Offshore, Ltd.*, 57 B.R. 797, 800 (D.R.I. 1986). Indeed, the plaintiff originally chose to pursue its remedies against these defendants and others in the New York Supreme Court, Bronx County and there is no compelling reason why the plaintiff's choice of forum should be changed with respect to the resolution of a purely state law dispute.

### AUTHORITY TO ABSTAIN

■■■ The mandatory abstention language in 28 U.S.C. § 1334(c)(2) states that "the district court shall abstain from hearing such a proceeding...." One court has concluded that this means that the bankruptcy court is authorized only to recommend abstention. *Atlas Automation, Inc. v. Jensen (In re Atlas Automation, Inc.)*, 42 B.R. at 249. However, the court there noted that since a jury trial had been requested the case would have been transferred to the district court for trial. Nonetheless, 28 U.S.C. § 151 expressly provides

that the bankruptcy court is a unit of the district court and "may exercise the authority conferred under this chapter [28 U.S.C. § 151 *et seq.*] with respect to any action, suit, or proceeding...." Accordingly, the bankruptcy court has the authority to comply with the mandatory abstention requirement set forth in 28 U.S.C. § 1334(c)(2) because abstention involves a matter concerning the administration of the estate and is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). *Marine Bank Appleton, N.A. v. Mill-Craft Building Systems, Inc. (In re Mill-Craft Building Systems, Inc.)*, 57 B.R. 531, 535 (Bankr.E.D.Wisc.1986). A bankruptcy court should not try a "related to" adversary proceeding that the court is specifically directed not to entertain by reason of the mandatory abstention direction in 28 U.S.C. § 1334(c)(2). *SLHI, Inc. v. Rent Leveling Board of the City of Jersey City, New Jersey (In re SLHI, Inc.)*, 58 B.R. 252 (Bankr.D.N.J.1986); *see In re Elegant Concepts, Ltd.*, No. 086–60160–21 (Bankr. E.D.N.Y. June 25, 1986).

### CONCLUSIONS OF LAW

■■■ 1. This court has jurisdiction of the subject matter and the persons in this case in accordance with 28 U.S.C. § 1334 and 28 U.S.C. § 157(a).

2. This adversary proceeding is related to the debtor's Chapter 11 case and is not a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. This adversary proceeding is based on a state law claim or cause of action related to a case under Title 11 (11 U.S.C. § 1 *et seq.*), with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this action.

4. There is presently pending a substantially similar action in the New York Supreme Court, Bronx County, which was commenced by the debtor before it filed its Chapter 11 petition with this court. The debtor's state court action can be timely adjudicated in the state court forum previously chosen by the debtor.

5. The defendants' motion for mandatory abstention as directed under 28 U.S.C. § 1334(c)(2), which was timely made in this adversary proceeding, is granted in accordance with the prohibition contained in 28 U.S.C. § 1334(c)(2).

SETTLE ORDER on notice.