Melville F. BORNE, Jr., Evangeline
Health Care, Inc. and
Ferncrest Manor

v.

NEW ORLEANS HEALTH CARE, INC.,
Ara Healthcare Management, Inc. and
Middleberg, Riddle & Gianna.

Civ. A. No. 89–3249.

United States District Court,
E.D. Louisiana,
Section G Division.

May 21, 1990.

Carl W. Cleveland, Cleveland, Barrios, Kingsdorf & Casteix, New Orleans, La., for plaintiffs.

Paul John Mirabile, Lillian Marlene Quarles, Sue Buser, Middleberg, Riddle & Gianna, New Orleans, La., for defendants.

Roy Clifton Cheatwood, Carole Gallagher Boggs, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Walter Frederic Marcus, III, John Joseph Hainkel, III, Lemle & Kelleher, New Orleans, La., for Middleberg, Riddle & Gianna, A Louisiana Law Partnership, defendant.

## MEMORANDUM AND ORDER

SEAR, District Judge.

Plaintiffs filed this lender liability action on April 14, 1989 in Orleans Parish Civil District Court alleging state law causes of action for breach of contract, mismanagement, and defamation. The action arose out of a loan agreement negotiated between plaintiff Melville Borne and defendant Sandia Federal Savings & Loan Association ("Sandia"), under which Sandia agreed to finance the construction of Ferncrest Manor ("Ferncrest"), a nursing care facility in New Orleans, Louisiana. Generally, plaintiffs allege that Sandia and the other named defendants [1] effectively repudiated the original loan agreement, failed to close renegotiated loan agreements demanded by Sandia, and engaged in a deliberate pattern of activity that disrupted plaintiffs' business operations and caused plaintiffs to incur substantial losses.

Defendants removed the action to federal court on July 24, 1989, alleging that the action is related to Ferncrest's Chapter 11 bankruptcy proceeding currently pending in the Bankruptcy Court for the Eastern District of Louisiana.[2] At the time of removal, the Federal Savings & Loan Insurance Corporation ("FSLIC") had been ap-

---

1. Plaintiffs also named New Orleans Health Care, Inc. ("NOHC") (Sandia's wholly-owned subsidiary), ARA Health Care Management, Inc. ("ARA"), and the law firm of Middleberg, Riddle & Gianna ("Middleberg") as defendants. Plaintiffs allege that on December 6, 1988, Sandia transferred Ferncrest's note to NOHC specifically to foreclose on the note. Shortly after Sandia took over Ferncrest, Sandia appointed ARA to manage and operate Ferncrest. The Middleberg firm represents these entities in this litigation.

2. *In re: Ferncrest Manor, A Partnership in Commendam,* No. 89–0015K, filed in the United States Bankruptcy Court for the Eastern District of Louisiana on January 13, 1989.

pointed conservator for Sandia,[3] yet defendants did not predicate jurisdiction upon 12 U.S.C. § 1730(k)(1) (1989) (removal of suits to which FSLIC is a party in its capacity as a conservator).

Following removal, Congress enacted the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), Pub.L. No. 101-73, 1989 *U.S.Code Cong. & Admin.News* (103 Stat.) 183, which became effective on August 9, 1989. Under FIRREA, the Resolution Trust Corporation ("RTC") succeeds to FSLIC's conservator duties. Pursuant to FIRREA, the RTC was appointed receiver for Sandia on September 13, 1989. The RTC moved to intervene as a party defendant on October 2, 1989. Plaintiffs then filed their motion to abstain and remand on October 4, 1989. On October 6, 1989, the RTC ·formally joined as a party and invoked the ninety day stay provided by FIRREA § 212(d)(12)(A)(ii), 1989 *U.S.Code Cong. & Admin.News* (103 Stat.) 231–32 (to be codified at 12 U.S.C. § 1821(d)(12)(A)(ii)).

When the stay expired on December 13, 1989, plaintiffs filed a motion to dismiss the RTC and Sandia pursuant to Fed.R.Civ.P. 41(a)(1)(i).[4] I granted plaintiffs' motion on January 23, 1990, thereby leaving NOHC, ARA, and Middleberg as the remaining defendants.

On February 13, 1990, plaintiffs re-filed their motion to remand. Plaintiffs argue that the claims involved in this case are unrelated or only tangentially related to Ferncrest's bankruptcy proceeding, and therefore I should abstain and remand the case to state court. Defendants virtually ignore this argument, contending that at the time of removal, federal jurisdiction existed by virtue of FSLIC's conservatorship for Sandia. Defendants argue that this federal interest continues by virtue of RTC's conservatorship of the entity which owns NOHC even though RTC is no longer a party.

In keeping with their argument, defendants seek, by motion filed on February 20, 1990, to supplement and amend their notice of removal to reflect the existence of removal jurisdiction under § 1730(k)(1) (the FSLIC removal statute) at the time of removal and currently under FIRREA § 212(d)(12)(A)(ii). Plaintiffs oppose this motion and argue that defendants are asserting an entirely different basis for jurisdiction, and because the amendment is untimely, defendants' motion must be denied. Defendants respond that even if the allegations set forth in the notice of removal do not support jurisdiction, the supplemental and amending notice of removal sets forth a basis of federal jurisdiction that arose after the initial removal (*i.e.,* FIRREA). Further, defendants contend that they timely filed the supplemental and amending notice of removal under FIRREA's removal provisions.

I. *General Principles Governing Removal*

 Removal jurisdiction is strictly construed. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988). When a plaintiff moves to remand for lack of jurisdiction, the burden of establishing original federal jurisdiction rests upon the defendant. *Kidd v. Southwest Airlines, Co.*, 891 F.2d 540, 543 (5th Cir.1990). Any doubts concerning the propriety of removal are resolved in favor of remand and state court jurisdiction. *York v. Horizon Federal Savings & Loan Association*, 712 F.Supp. 85, 87 (E.D.La.1989) (Feldman, J.).

 For purposes of determining whether subject matter jurisdiction exists, the judge must look to the complaint and the notice of removal at the time the notice of removal was filed.[5] Therefore, I examine the facts as they existed at the time of

---

3. The FSLIC became conservator of Sandia on February 19, 1989—more than two months prior to the filing of this action in state court.

4. Rule 41(a)(1) of the Federal Rules of Civil Procedure provides that a party may dismiss an action simply by filing a *notice* of dismissal at any time *before service* of an answer of motion for summary judgment. Nonetheless, the plaintiffs chose to file a *motion* to dismiss.

5. *See Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir.1985) (Wisdom, J.).

removal (July 24, 1989) and at the time of filing the supplemental and amending notice of removal (February 20, 1990). I then discuss whether abstention and remand are appropriate in this case.

## II. *July 24, 1989*

### A. Untimely Removal

Initially, plaintiffs contend that the defendants untimely filed the original notice of removal. The removal statute provides that "[t]he petition for removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b). Although plaintiffs seem to concede that defendants removed the action within thirty days of proper service, plaintiffs argue that defendants had notice of the suit well before service was effected. As evidence of defendants' knowledge of the suit, plaintiffs cite defendants' filing of motions for extensions of time on May 24, 1989—two months prior to the filing of the notice of removal.

■ Defendants do not contest this presentation of the relevant facts.[6] Rather, noting that the cases are split on the question of when the thirty day removal period begins, defendants urge that I apply the "majority rule": the thirty day period runs from the time of proper service. *See Hunter v. American Express*, 643 F.Supp. 168, 169–70 (S.D.Miss.1986). However, this interpretation conflicts with the plain language of the rule. I interpret the statute to mean what it says: the thirty day period begins to run upon receipt of a copy of the pleading, regardless of whether service was properly effected.[7] Under this interpretation, the asserted basis of jurisdiction is immaterial because defendants simply removed this case too late.

6. However, I note that it appears from the record that service was attempted upon Sandia, NOHC and ARA through the Louisiana Secretary of State on April 27, 1989. Middleberg was personally served on April 26, 1989.

7. *See York*, 712 F.Supp. at 90; *see also MTech Corp. v. FDIC*, 729 F.Supp. 1134, 1135–36 (N.D. Tex.1990) (Sanders, C.J.) (thirty day period be-

■ Plaintiffs, however, have waived any objection to defendants' untimely removal. Although defendants do not raise this point, the removal statute also provides: "A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Failure to timely raise an objection to the timeliness of the notice of removal constitutes a waiver of the objection.[8] In this case, the defendants filed the notice of removal on July 24, 1989, and plaintiffs filed their first motion to remand on October 4, 1989 and re-filed it on February 13, 1990—well beyond the thirty day period.

### B. Amendment of the Notice of Removal to Reflect FSLIC's Role at the Time of Removal

Defendants' notice of removal alleges that the action arose in and is related to Ferncrest's bankruptcy petition, and therefore this court has original jurisdiction pursuant to 28 U.S.C. § 1334(b) and removal jurisdiction pursuant to 28 U.S.C. § 1452(a). Section 1334(b) provides, in relevant part:

Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, *the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11* (emphasis added).

Section 1452(a) provides, in relevant part:

A party may remove any claim or cause of action in

a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

gins to run from receipt of letters from which it could have been ascertained that the case was removable).

8. *See* 1A J. Moore, *Moore's Federal Practice* ¶ 0.157[11.–4], at 178 (1989); *see also Abernathy v. Mississippi River Alcohol Co.*, No. 89–2100 (E.D.La. Feb. 5, 1990).

Had defendants removed this case under the FSLIC removal statute, jurisdiction unquestionably would have existed.[9] However, defendants elected to remove on the basis of title 11. Seeking to correct their error, defendants now wish to "clarify" Sandia's status. Defendants point out that Sandia was in FSLIC conservatorship at the time of removal, and they argue that I have original and removal jurisdiction over this action by virtue of Sandia's status at the time of removal. In response, plaintiffs argue that defendants are belatedly and impermissibly asserting an entirely different jurisdictional basis.

■ Removal by the FSLIC is governed by the general removal provisions of 28 U.S.C. § 1446(b). Under § 1446(b), a party is free to amend his or her notice of removal as he or she wishes within thirty days of service or receipt of a copy of the initial pleading.[10] Once the thirty day limit has expired, however, a party may not amend to assert a wholly new ground for removal.[11] Rather, a party may only amend defective allegations of jurisdiction pursuant to 28 U.S.C. § 1653.[12] Section 1653 is limited to curing technical defects in jurisdictional allegations; it does not provide a remedy for defective jurisdiction itself.[13]

In other words, § 1653 does not permit a party to "amend so as to produce jurisdiction where none actually existed." [14]

■ Under these principles, courts have held that where jurisdiction is apparent from the face of the notice of removal, although imperfectly pleaded, a party may amend its notice of removal to state the basis for the district court's jurisdiction.[15] In *Armada Coal Export,* the court held that a case removed on the basis of admiralty jurisdiction could be amended to assert diversity jurisdiction where diversity jurisdiction was apparent from the notice of removal and the notice of removal requested that the district court assume "full jurisdiction ... as provided by law." *Armada Coal Export,* 726 F.2d at 1568. On the other hand, where the jurisdictional base is not apparent from the face of the notice of removal, an amendment to add new jurisdictional allegations concerning that jurisdictional base will be denied as untimely.[16]

■ In this case, nothing in the original notice of removal even hints of jurisdiction under the FSLIC removal statute. The defendants listed are Sandia, NOHC, ARA,

---

9. *See Henry v. Independent American Savings Ass'n,* 857 F.2d 995, 998 (5th Cir.1988) (case brought against a party in FSLIC receivership arises under federal law even if the FSLIC is not formally joined as a party).

10. *See Richardson v. United Steelworkers of America,* 864 F.2d 1162, 1165 (5th Cir.1989); *Mayers v. Connell,* 651 F.Supp. 273, 274 (M.D. La.1986).

11. *See Woodlands II v. City Savings & Loan Ass'n,* 703 F.Supp. 604, 607–08 (N.D.Tex.1989) (quoting 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3733, at 537–38 (1985)); *United Gas Pipe Line v. Brown,* 207 F.Supp. 139, 141 (E.D.La.1962).

12. Section 1653 provides, in relevant part:

 Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.

 Section 1653 applies to removal petitions. *See Getty Oil Corp. v. Insurance Co. of North America,* 841 F.2d 1254, 1262 (5th Cir.1988).

13. *See Aetna Casualty & Surety v. Hillman,* 796 F.2d 770, 775 (5th Cir.1986).

14. *Newman–Green, Inc. v. Alfonzo–Larrain,* —— U.S. ——, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989); *Hillman,* 796 F.2d at 775.

15. *See Armada Coal Export, Inc. v. Interbulk, Ltd.,* 726 F.2d 1566, 1568–69 (11th Cir.1984) (citing *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.,* 608 F.2d 145 (5th Cir.1979), *cert. denied,* 449 U.S. 830, 101 S.Ct. 97, 66 L.Ed.2d 35 (1980)); *see also Getty Oil,* 841 F.2d at 1258 n. 5 (technical defects or failure to specifically allege citizenship can be cured).

16. *See Queen Victoria Corp. v. Insurance Specialists of Hawaii,* 694 F.Supp. 1480, 1483–84 (D.Haw.1988) (amendment of removal notice removed on basis of admiralty jurisdiction to assert diversity jurisdiction not permitted) (distinguishing *Armada Coal Export* ); *see also United Gas Pipe Line,* 207 F.Supp. at 141 (amendment of removal notice removed on basis of federal question jurisdiction to assert diversity jurisdiction not permitted) (citing *Powers v. Chesapeake & Ohio Rwy. Co.,* 169 U.S. 92, 101, 18 S.Ct. 264, 267, 42 L.Ed. 673 (1898)). *Cf. Boelens,* 759 F.2d at 512 (denying § 1653 motion which sought to assert new cause of action in amended complaint).

and Middleberg. The notice of removal specifically states that the action is related to Ferncrest's title 11 bankruptcy case; that the court has original jurisdiction pursuant to 28 U.S.C. § 1334(b) and removal jurisdiction pursuant to 28 U.S.C. § 1452(a); and that "the actions complained of concern both the administration of the property of the estate in the Ferncrest bankruptcy and the adjustment of debtor-creditor relations in that estate." [17] In addition, the notice of removal requests that the action be referred to the bankruptcy court for the Eastern District of Louisiana.

In contrast, the supplemental and amending notice of removal lists as defendants NOHC, ARA, Sandia, RTC as conservator for Sandia Federal Savings Association ("Sandia FSA"),[18] and RTC as successor to FSLIC as conservator for Sandia. The supplemental and amending notice of removal alleges jurisdiction pursuant to 12 U.S.C. § 1421, *amended by* FIRREA § 501(1), 103 Stat. 389–90 (1989); 12 U.S.C. § 1730 (1989); and 12 U.S.C. § 1819, *amended by* FIRREA § 209(b)(2), 103 Stat. 216–17 (1989) (removal jurisdiction of suits involving FSLIC, FDIC and RTC as parties). In addition, the supplemental and amending notice of removal chronicles the roles played by FSLIC and RTC during Sandia FSA's evolution.

Based upon this comparison of the notice of removals, the supplemental and amending notice of removal clearly goes far beyond curing technical defects in the juris-

dictional allegations. Rather, defendants have stated an entirely different jurisdictional basis, and they have done so beyond the thirty day limit for removal of cases. This brings me to defendants' alternative claim: that with the passage of FIRREA and RTC's joinder as a party to the case on October 6, 1989, the action became removable, and the supplemental and amending notice of removal timely asserts this jurisdictional basis.

### III. *February 20, 1990*

Defendants argue that regardless of the basis of jurisdiction asserted on July 24, 1989, they are permitted to amend and supplement their removal notice to state a jurisdictional basis that arose *after* the removal of the action. Plaintiffs contend that the enactment of FIRREA and the joinder of RTC as a party to this litigation are not "new" jurisdictional events. Rather, these events are simply a continuation of FSLIC's conservatorship, which began well before this action was filed in state court. Neither argument is dispositive.

The general removal provisions of 28 U.S.C. § 1446(b) are inapplicable to RTC removal cases.[19] The exclusive removal provision for cases involving the RTC in its capacity as a conservator or receiver for a failed institution is FIRREA § 501(1)(3), 1989 *U.S. Code Cong. & Admin News* (103 Stat.) 389–90 (to be codified at 12 U.S.C. § 1441a(*l*)(3)).[20] This provision specifies

---

**17.** Notice of Removal, at 3.

**18.** Sandia FSA is a new entity, distinct from Sandia Federal Savings & Loan Association. Following the RTC's appointment, the RTC transferred Sandia's assets to Sandia FSA, and the RTC became conservator for Sandia FSA.

**19.** *See Resolution Trust Corporation v. Key,* 733 F.Supp. 1086 (N.D.Tex.1990) (Fitzwater, J.) (citing *FSLIC v. Westgate Partners, Inc.,* 726 F.Supp. 807, 809 (D.Colo.1989)).

**20.** FIRREA § 501(1) provides, in relevant part:
 (1) **In General.**—Notwithstanding any other provision of law, any civil action, suit or proceeding to which the Corporation is a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction over such action, suit, or proceeding.

 (2) **Corporation as Party.**—The Corporation shall be substituted as a party in any civil action, suit, or proceeding to which its predecessor in interest was a party....
 (3) **Removal and Remand.**—The Corporation may ... remove any such action, suit, or proceeding from a state court to the United States District Court for the District of Columbia, or if the action, suit, or proceeding arises out of the actions of the Corporation with respect to an institution for which a conservator or receiver has been appointed, the United States district court for the district where the institution's principal business is located. The removal of any action, suit, or proceeding shall be instituted—
 (A) not later than 90 days after the date the Corporation is substituted as a party, or
 (B) not later than 30 days after the date suit is filed against the Corporation, if such suit is filed after the date of enactment of [FIRREA].

that "removal of a case involving the RTC may only be had either to the United States District Court for the District of Columbia or to the federal district in the district in which the failed institution's principal place of business is located."[21] The documents in the record indicate that Sandia's principal place of business is Albuquerque, New Mexico.[22] As other courts have noted, the Districts of Columbia and New Mexico are the only fora available to the RTC as conservator for Sandia FSA.[23] Therefore, defendants' motion to supplement and amend their notice of removal must be denied.

## IV. *Abstention and Remand*[24]

Plaintiffs do not contest this court's title 11 *jurisdiction* over the action; rather, they contest this court's *exercise* of jurisdiction over the action. Plaintiffs argue that the mandatory abstention provision of 28 U.S.C. § 1334(c)(2) applies here, or alternatively, discretionary remand under 28 U.S.C. § 1452(b) is appropriate.

### A. Mandatory Abstention

■ Section 1334(c)(2) provides:

Upon timely motion of a party in a proceeding based upon a state law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, *the district shall abstain from hearing such proceeding if an action is commenced, and can be timely*

*adjudicated, in a State forum of appropriate jurisdiction.*

(emphasis added).[25]

In order for the mandatory abstention provision of § 1334(c)(2) to govern here, six elements must be met:

1) A party in a proceeding must make a timely motion for abstention by the court.

2) The adversary proceeding must be based upon a state law claim or state law cause of action.

3) The adversary proceeding must be related to the title 11 case but it must not arise under or in the title 11 case.

4) The adversary proceeding must be one which could not have been commenced in a court of the United States absent § 1334 jurisdiction.

5) An action must have been commenced and is pending in a state forum of appropriate jurisdiction.

6) The pending state court action must be one that can timely be adjudicated in that forum.

*See, e.g., In re Titan Energy, Inc.,* 837 F.2d 325, 333 n. 14 (8th Cir.1988); *In re Allied Mechanical & Plumbing Corp. v. Dynamic Hostels Housing & Development Co.,* 62 B.R. 873, 877–78 (Bankr.S.D.N.Y. 1986). At least three of these elements are not present in this case. First, the motion to abstain was not timely made; second, plaintiffs have failed to demonstrate that the action can be timely adjudicated in state court; and third, the action could

---

The Corporation may appeal any order of remand entered by a United States district court.

**21.** *Matrix Ski Corp. v. FDIC as Manager for Resolution Trust Corp. as Receiver for Sandia Federal Savings & Loan Ass'n,* 734 F.Supp. 763 (N.D.Tex.1990) (Sanders, C.J.) (citing *Key*).

**22.** *See* Exhibits A–F to Defendants' Memorandum in Opposition to Plaintiffs' Motion to Remand.

**23.** *See* cases cited *supra* notes 19 & 21.

**24.** Apart from two conclusory statements asserting that Ferncrest's bankruptcy proceeding cre-

ates federal jurisdiction over this action, *see* Defendants' Supplemental Memorandum in Support of the Motion to Amend and Supplement Removal Application and in Opposition to Motion to Remand, at 2–3, defendants offer nothing in opposition to plaintiffs' argument regarding bankruptcy jurisdiction.

**25.** Courts have split on the question of whether the abstention provisions of § 1334(c)(2) apply to cases removed under § 1452(a). *E.g., compare In Re 666 Associates,* 57 B.R. 8 (Bankr.S.D. N.Y.1985) (§ 1334(c)(2) does not apply to cases removed under § 1452) *with In re Chiodo,* 88 B.R. 780 (W.D.Tex.1988) (§ 1334(c)(2) does apply to cases removed under § 1452).

have been commenced in a court of the United States absent § 1334 jurisdiction.

To meet the timeliness requirement for mandatory abstention, the state court action must have been commenced before the filing of the bankruptcy petition.[26] In this case, Ferncrest's bankruptcy petition was filed on January 13, 1989, and the state court action was filed on April 14, 1989. Therefore, the motion to abstain was not made timely.

Further, the failure to demonstrate that the state proceeding can be timely adjudicated removes this case from the mandatory scope of § 1334(c)(2). Although plaintiffs argue at length in their Memorandum in Support of the Motion to Remand that the action has been actively litigated in state court since May, 1989, I note from the record of proceedings filed along with defendants' notice of removal that no answers nor dispositive motions had been filed by any defendant except Middleberg. On this point, plaintiffs have failed to meet their burden.[27]

Finally, the case must be one which "could not have been commenced in federal court absent bankruptcy jurisdiction."[28] In this case, another basis for federal jurisdiction existed at the time of removal because a case brought against a party in FSLIC receivership arises under federal law even if the FSLIC is not formally joined as a party. *Henry,* 857 F.2d at 998. Therefore, in order for me to abstain and remand, the principles underlying the broader doctrines of discretionary remand under 28 U.S.C. § 1452(b) or abstention under § 1334(c)(1) must weigh in favor of declining to hear this case.

## B. Discretionary Abstention

Section 1452(b) permits a court to remand claims related to bankruptcy cases "on any equitable ground." 28 U.S.C. § 1452(b). Alternatively, § 1334(c)(1) provides: "Nothing ... prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to title 11."[29] I discuss these provisions together because the considerations underlying discretionary abstention and remand are the same.[30]

Although various formulations of the relevant considerations exist, the most comprehensive list is set forth in *In re Republic Reader's Service, Inc.,* 81 B.R. 422, 429 (Bankr.S.D.Tex.1987).[31] These considerations are:

1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention;

2) the extent to which state law issues predominate over bankruptcy issues;

3) the difficulty or unsettled nature of the applicable state law;

4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;

5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

7) the substance rather than form of an asserted "core" proceeding;

8) the feasibility of severing state law claims from core bankruptcy matters to

---

26. *See, e.g., Williams v. Heller Financial, Inc.,* 82 B.R. 823, 826 (E.D.La.1988) (Schwartz, J.); *Allied Mechanical,* 62 B.R. at 877–88.

27. *See Allied Mechanical,* 62 B.R. at 878 (naked assertion that matter can be timely adjudicated in state court is insufficient).

28. *Titan Energy,* 837 F.2d at 333; *see also In re White Motor Credit,* 761 F.2d 270, 272 (6th Cir. 1985).

29. Neither party raises nor discusses § 1334(c)(1).

30. *See, e.g., In re Revco D.S., Inc.,* 99 B.R. 768, 775–76 (Bankr.N.D.Ohio 1989); *Chiodo,* 88 B.R. at 785; *In re Baren,* 47 B.R. 39, 44 (Bankr.N.D. Ill.), *approved,* 48 B.R. 752 (N.D.Ill.1984).

31. *See also Browning v. Navarro,* 743 F.2d 1069, 1076 n. 21 (5th Cir.1984). *Browning* discussed the considerations applicable to discretionary remand under 28 U.S.C. § 1478(b), the same-language predecessor to § 1452(b). The renumbering of the section imposed no substantive change. *See Sykes v. Texas Air Corp.,* 834 F.2d 488, 489 (5th Cir.1987).

allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9) the burden [upon the] docket;

10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

11) the existence of a right to a jury trial; and

12) the presence in the proceeding of nondebtor parties.

Plaintiffs, citing the equitable factors set forth in *Browning*, 743 F.2d at 1076 n. 21, argue that the suit involves only questions of state law, the state court already has some exposure to this suit, and plaintiffs are prejudiced by losing the forum of their choice. In addition, plaintiffs point out that they have invoked their seventh amendment right to a jury trial.

An examination of the relevant factors reveals that abstention and remand are appropriate here. First, plaintiffs' claims are clearly state law claims, and that the state issues predominate over the bankruptcy issues. The action is merely related to a case under title 11; it does not arise under title 11.[32] As an action by a debtor seeking to recover damages under state law for prepetition injuries, this action does not invoke any particular right under title 11 and can certainly exist outside the context of the bankruptcy case.[33]

Further, no other basis of federal jurisdiction exists. The case involves a number of nondebtors, and plaintiffs have requested a jury trial. Finally, lender liability is a rapidly developing area of the law, not only in Louisiana but in most other states as well. Therefore, federalism and comity considerations weigh in favor of abstention and remand, and these considerations outweigh any adverse impact abstention might have upon the administration of the estate. Accordingly,

IT IS ORDERED that defendants' motion for leave to supplement and amend the notice of removal is DENIED.

IT IS FURTHER ORDERED that plaintiffs' motion to remand is GRANTED, and this action is REMANDED back to the Civil District Court for the Parish of Orleans.

---

**32.** *See Matter of Wood*, 825 F.2d 90, 93, 97 (5th Cir.1987) (Wisdom, J.) (discussing "core" and "related" proceedings).

**33.** *See, e.g., In re Chiodo*, 88 B.R. 780 (W.D.Tex. 1988) (debtor's state law lender liability suit remanded); *Bates & Rogers Construction Corp. v. Continental Bank, N.A.*, 97 B.R. 905, 907 (N.D. Ill.1989) (debtor's state law claims against removing party remanded).