William D. HOLT, et al.

v.

**LOCKHEED SUPPORT SYSTEMS, INC.**

Civ. A. No. 93–1520.

United States District Court,
W.D. Louisiana,
Lake Charles Division.

Oct. 20, 1993.

Edward J. Fonti, Lake Charles, LA, for plaintiffs.

Murphy J. Foster, III, Baton Rouge, LA, for defendant.

*MEMORANDUM RULING: VACATING ORDER, DENYING DEFENDANT'S MOTION TO FILE AN AMENDED REMOVAL NOTICE, AND GRANTING PLAINTIFF'S MOTION TO REMAND*

EDWIN F. HUNTER, Jr., Senior District Judge.

This is an action brought by twenty-seven former employees of Lockheed Support Systems, Inc. ("Lockheed") as a result of their termination from employment on June 17, 1993. Since their release, plaintiffs claim that they have not been paid the wages and benefits due them. Plaintiffs have filed two suits in this matter. One suit was filed in federal court under the Worker Adjustment and Retraining Notification Act ("WARN"). 29 U.S.C. § 2101 *et seq.* The second suit was filed in state court alleging a myriad of state law transgressions. Pursuant to this court's diversity and supplemental jurisdiction, Lockheed timely filed a notice of removal.[1] Plaintiffs countered with a motion to remand, arguing that none of their claims exceeded the requisite jurisdictional amount ($50,000). 28 U.S.C. § 1332.

In response to the motion to remand, Lockheed filed an amended notice of removal, alleging federal question jurisdiction under ERISA, the Federal Service Contract Act, and the Federal Labor Standards Act. Plaintiffs objected to this amendment contending that amendment to the notice of removal was improper once the thirty day removal period had tolled. In addition, Lockheed raised alternative theories of jurisdiction. We shall address these issues in turn.

## GENERAL PRECEPTS REGARDING REMOVAL JURISDICTION

 Removal jurisdiction must be strictly construed. *York v. Horizon Federal Savings and Loan Assoc.*, 712 F.Supp. 85 (E.D.La. 1989); *Skidmore v. Beech Aircraft Corp.*, 672 F.Supp. 923 (M.D.La.1987); *Smith v. Executive Fund Life Insurance Co.*, 651 F.Supp. 269 (M.D.La.1986). The removing party bears the burden of establishing federal jur-

---

1. It is this second, removed case which is the subject of the present memorandum ruling.

isdiction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988), appeal after remand, 915 F.2d 965 (5th Cir.1990), *affirmed*, —— U.S. ——, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992). *Aetna Casualty and Surety Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir.1986).

## AMENDING THE NOTICE OF REMOVAL

Defendant, Lockheed, was served on August 13, 1993. The original removal petition was filed on August 31, 1993. However, the motion for leave to file an amended notice of removal was not filed until September 17, 1993. Shortly thereafter, on September 20, 1993, this court (as a matter of course) signed an order allowing the filing of the amended notice of removal. Plaintiffs' opposition to the amendment was filed several days later.

■ A defendant is free to amend his notice of removal within the thirty day period of § 1446(b). *Moody v. Commercial Insurance Co.*, 753 F.Supp. 198, 201 (N.D.Tex. 1990); *Mayers v. Connell*, 651 F.Supp. 273, 274 (M.D.La.1986). However, after the thirty day period has expired, any amendments to the removal notice must be made in accordance with 28 U.S.C. § 1653. *Moody*, 753 F.Supp. at 201; *Mayers*, 651 F.Supp. at 274.[2]

In our case, Lockheed amended its notice of removal in order to assert federal question jurisdiction. 28 U.S.C. § 1331. Nowhere in its original notice of removal did Lockheed set forth any facts or allegations which invoked this court's federal question jurisdiction. Rather, Lockheed's original notice focused upon this court's diversity and supplemental jurisdiction. 28 U.S.C. § 1332 and 28 U.S.C. § 1367, respectively.

■ Jurisprudence interpreting 28 U.S.C. § 1653 indicates that this section cannot be invoked to claim an entirely new and distinct jurisdictional basis. In *Boelens v. Redman Homes, Inc.*, the Fifth Circuit stated, "... the plaintiff's motion to amend seeks not to remedy technically inadequate jurisdictional allegations, but rather to substitute new causes of action over which there would be jurisdiction. Because § 1653 is limited to curing technical defects only, the plaintiff's motion to remand under that section must be denied." *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 512 (5th Cir.1985).

Along similar lines, the Fifth Circuit later held: "Section 1653 provides a method for curing defective *allegations* of jurisdiction. It is not to be used to create jurisdiction retroactively where it did not previously exist." *Aetna Casualty and Surety Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir.1986).

In an analogous decision, a defendant attempted to amend his notice of removal, which was originally based under bankruptcy chapter 11, to assert jurisdiction under F.S.I.C. (12 U.S.C. § 1421). *Borne v. New Orleans Health Care, Inc.*, 116 B.R. 487 (E.D.La.1990). The court recognized that where jurisdiction is apparent from the face of the notice of removal, a defendant may amend the notice to state the basis of jurisdiction. *Id.* However, the court denied the amendment, due to the complete absence of the amended jurisdictional grounds within the original notice of removal. *Borne*, 116 B.R. at 491. The court summed up as follows, "based upon this comparison of the notice of removals, the supplemental and amending notice of removal clearly goes far beyond curing technical defects in the jurisdictional allegations. Rather, defendants have stated an entirely different jurisdictional basis, and they have done so beyond the thirty day limit for removal of cases." *Borne*, 116 B.R. at 492.[3]

---

**2.** 28 U.S.C. § 1653 provides: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

**3.** For similar cases reaching the same result see, *Moody v. Commercial Insurance Co.*, 753 F.Supp. 198 (N.D.Tex.1990); *Woodlands II v. City Savings and Loan Assoc.*, 703 F.Supp. 604 (N.D.Tex. 1989); *Computer People v. Computer Dimensions International, Inc.*, 638 F.Supp. 1293 (M.D.La.

1986); and *Mayers v. Connell*, 651 F.Supp. 273 (M.D.La.1986). Also instructive are the comments from Profs. Wright, Miller and Cooper:

The petition may be amended freely prior to the expiration of the thirty day period seeking removal. Thereafter, however, the cases indicate that the petition may be amended only to set out more specifically grounds for removal that already have been stated, albeit imperfectly, in the original petition; new grounds may

In accordance with this discussion, we conclude that Lockheed's amended notice of removal should be disallowed. The September 20, 1993 order granting leave to file the amended notice of removal is hereby VACATED.[4] Lockheed's motion for leave to file an amended notice of removal is DENIED.

### AGGREGATING CLAIMS TO SATISFY JURISDICTION

Having denied defendant's motion to amend its notice of removal, we are left to consider whether defendant's original notice alleges a sufficient basis for the exercise of this court's jurisdiction. The original notice of removal asserts diversity jurisdiction. 28 U.S.C. § 1332. Plaintiffs, in their motion to remand, however, state that each of their individual claims is well below this court's $50,000 jurisdictional requirement.

Furthermore, it is clear that plaintiffs ordinarily may not aggregate their claims to satisfy the $50,000 jurisdictional threshold. *Zahn v. International Paper Co.*, 414 U.S. 291, 294–95, 94 S.Ct. 505, 508–09, 38 L.Ed.2d 511 (1973); *More v. Intelcom Support Services, Inc.*, 960 F.2d 466, 473 (5th Cir.1992). Defendant does not contest that plaintiffs individually do not satisfy the jurisdictional amount, nor does Lockheed quarrel with the general rule that plaintiffs' claims cannot be aggregated. Instead, Lockheed argues that where plaintiffs seek recovery from a common interest in a single fund, then aggregation of claims is permitted. *Meyer v. Citizens and Southern National Bank,* 106 F.R.D. 356 (M.D.Ga.1985).

Lockheed contends that one of the plaintiffs' demands seeks recovery from a common fund. Indeed, in paragraph ten of the petition, plaintiffs allege that they are entitled to the proceeds of a retirement fund established by the employer, Lockheed.

At first blush, it appears that Lockheed may have stumbled upon a golden nugget. Quoting *Troy Bank v. G.A. Whitehead and Company*, 222 U.S. 39, 40–41, 32 S.Ct. 9, 56 L.Ed. 81 (1911), the Supreme Court in *Zahn* stated,

> When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount; *but when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough that their interest collectively equal jurisdictional amounts.*

*Zahn*, at 294, 94 S.Ct. at 508. The question that is still not quite answered, however, is what constitutes "a single title or right" and a "common and undivided interest". Yet, the case which raises the question, also provides us with the answer: *Troy Bank*.

In *Troy Bank*, two separate plaintiffs each held a promissory note constituting a single vendor's lien over the sale of property. *Troy Bank, supra.* In determining the nature of the suit, the court stated,

> Its [the suit's] controlling object ... is the enforcement of the vendor's lien, which is a single thing or identity in which the plaintiffs have a common and undivided interest, and which *neither can enforce in the absence of the other.* Thus, while their claims under the notes were separate and distinct, the claim under the vendor's lien was single and undivided, and the lien was sought to be enforced as a common security for the payment of both notes.

*Troy Bank, supra,* (emphasis added).

Similarly, in *Handley v. Stutz*, 137 U.S. 366, 11 S.Ct. 117, 34 L.Ed. 706 (1890), the creditors of a corporation sought to require payment of funds (from the stockholders of a defunct corporation) into a trust fund for the benefit of the creditors. The Court held that the jurisdictional amount was satisfied by

---

not be added, and missing allegations may not be furnished.

14A C. Wright, A. Miller and E. Cooper, *Federal Practice and Procedures* Section 3733 at Pages 537–538 (Second Addition 1985).

**4.** Court has conferred with Magistrate Wilson who related that this order was signed as a matter of course. He was not aware that there was any objection to the signing of the amendment, which in fact was not filed until September 23, 1993. Magistrate Wilson is fully supportive of the court's action in this matter.

aggregation of the plaintiffs' claims, since the suit was not of the type which could be filed by one creditor on his own behalf. *Handley, supra.*

■ Subsequent cases which have permitted aggregation as a result of a single title or right in a common and undivided interest are usually based upon shareholders bringing a derivative action on behalf of the corporation, or beneficiaries suing a trustee to reconstitute a trust. *Eagle v. American Telephone and Telegraph Co.,* 769 F.2d 541, 547 (9th Cir.1985), *cert. denied,* 475 U.S. 1084, 106 S.Ct. 1465, 89 L.Ed.2d 721 (1986); *O'Brien v. Continental Illinois National Bank and Trust Co.,* 443 F.Supp. 1131, 1139 (N.D.Ill. 1977), affirmed in part, and reversed in part, 593 F.2d 54 (7th Cir.1979); and *Meyer v. Citizens and Southern National Bank, supra.* Of course these types of suits usually cannot be brought by a single stockholder or beneficiary. The key thread running throughout these cases, is that the presence of each plaintiff in the suit is necessary and indispensable for the recovery of their common right. In our case, each plaintiff merely seeks his share from the retirement fund. There has been no showing by Lockheed that the presence of all the plaintiffs is required for them to recover under this cause of action. Nor can we find any such requirement. Accordingly, defendant's argument that the plaintiffs' claims may be aggregated to satisfy the jurisdictional amount is rejected.[5]

### SUPPLEMENTAL JURISDICTION

■ Lockheed's alternative grounds for jurisdiction in its original notice of removal is that this court may exercise supplemental jurisdiction of *this* suit based upon a *separate* suit filed by the plaintiffs under the WARN Act.[6] Lockheed asserts that supplemental jurisdiction can properly be invoked under 28 U.S.C. § 1367.[7] All the cases cited by Lockheed, however, apply to supplemental claims within the *same case* as the original jurisdiction claim. Here, we are dealing with two separate, yet related cases. However, we are focusing upon whether it is provident to sustain the removal of this case from state court.

28 U.S.C. § 1441(a) provides in part, "... any civil action brought in a state court of which district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing a place where such action is pending." As this case presently stands, we do not have original jurisdiction over this case. Lockheed attempts to bootstrap this case onto the WARN Act case on the basis of supplemental jurisdiction. The right to remove a case derives solely from the grant of jurisdiction in 28 U.S.C. § 1441. *Willy v. Coastal Corp., supra.*

Lockheed appears overly concerned with the possible *res judicata* problems that may befall the plaintiffs as a result of proceeding with one case in federal court and one in state court. We understand defendant's expression of concern for the plaintiffs' well-being. However, plaintiffs are presumably well-versed in the advantages and disadvantages of their strategy. Indeed, the choice of forum is the plaintiffs' prerogative. Defendant's application of 28 U.S.C. § 1367 would impermissibly broaden this court's removal jurisdiction, particularly under the circumstances of these cases. Even assuming that supplemental jurisdiction is viable in this scenario, under 28 U.S.C. § 1367(c)(4), a district court may decline supplemental jurisdiction over a claim when exceptional circumstances

---

5. The court will grant Lockheed ten (10) days from this date in order to file a motion to reconsider, should Lockheed definitively ascertain that the presence of all the plaintiffs is required in order for the plaintiffs to pursue their paragraph 10 claim.

6. The docket number of the WARN Act suit is: 93 CV 1328.

7. 28 U.S.C. § 1367(a) provides:
 Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joiner or intervention of additional parties.

exist, and when there are other compelling reasons for declining jurisdiction. We think that the circumstances of this case provide ample reason for declining jurisdiction.

For the assigned reasons, plaintiffs' motion to remand is GRANTED.[8]

---

8. In reiteration, defendant is granted ten (10) days to file a motion to reconsider, should the facts require. Court will not sign an order to remand until after expiration of the ten (10) day period.