**In re THOMSON McKINNON SECURITIES INC. and Thomson McKinnon, Debtors.**

**THOMSON McKINNON SECURITIES, INC., Plaintiff,**

**v.**

**Arnold S. WARWICK, Defendant.**

**Bankruptcy Nos. 90 B 10914 (HS), 90 B 11805 (HS) and 91 B 13820 (HS). Adv. No. 93–5114A.**

United States Bankruptcy Court, S.D. New York.

Nov. 24, 1993.

Briccetti & Calhoun, White Plains, NY, for debtor.

Berger & Kramer, New York, NY, for defendant.

### DEFENDANT'S MOTION FOR MANDATORY ABSTENTION PURSUANT TO 28 U.S.C. 1334(c)(2)

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Arnold S. Warwick, the defendant in this adversary proceeding ("Warwick"), has moved for mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2). In support of his position, the defendant asserts that the adversary proceeding involves issues which are non-core and should be adjudicated in an identical action which is pending before the Civil Court of the City of New York. Thomson McKinnon Securities Inc., ("TMSI"), the Chapter 11 debtor and also the plaintiff in this action, has opposed defendant's abstention motion. The debtor argues that defendant's motion must be denied because this adversary proceeding concerns the turnover of property of the debtor's estate pursuant to 11 U.S.C. § 542, and is a core proceeding within the Bankruptcy Court's jurisdiction under 28 U.S.C. § 157(b)(2).

### FACTUAL BACKGROUND

Prior to 1987, Warwick opened a securities account at TMSI and executed a signature card, Customer Agreement, and Thomson Money Management Program Agreement. The obligations stemming from this relationship form the basis for this dispute.

By Summons and Complaint dated June 2, 1989, TMSI commenced an action in the Civil Court of the City of New York, New York County, alleging that Warwick failed to comply with his contractual obligations to meet certain margin requirements. In his answer dated June 30, 1989, the defendant asserted affirmative defenses and counterclaims seeking damages in the amount of $100,000.00.

On March 28, 1990, the debtor filed with this Court its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. The debtor continued in the operation and management of its property as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

By Summons and Complaint dated March 29, 1993, the debtor commenced an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001 against Warwick, a former securities account holder at TMSI, for the recovery of $22,232.00 which was allegedly a debit balance from defendant's margin account. The complaint is substantially similar to the June 2, 1989 complaint filed in state court. The three causes of action are bottomed on unjust enrichment and restitution, money had and received and breach of contract. On August 24, 1993, the defendant filed an answer with a counterclaim seeking a setoff of any amounts found to be due to the debtor.

The debtor alleges as follows: (1) Prior to October, 1987, defendant opened a securities account at TMSI and executed a signature card and Customer Agreement; (2) During October 1987, defendant's account became under-margined; (3) Defendant failed to deposit funds to satisfy TMSI's margin requirements and to eliminate the insufficiency of margin; (4) Pursuant to the Customer Agreement, TMSI liquidated defendant's account in October, 1987, resulting in a debit balance of $22,232.00 due and owing to TMSI; and (5) Defendant has not paid the debit balance despite demands by TMSI.

### DISCUSSION

The factors which a bankruptcy court must consider in determining a request for manda-

tory abstention from the exercise of its jurisdiction are set forth in 28 U.S.C. § 1334(c)(2) which states:

> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

No claim has been made that the defendant did not make a timely motion for abstention by this Court. The debtor's adversary proceeding was commenced on March 29, 1993. The defendant, Warwick, filed his answer and counterclaim on August 24, 1993. His notice of motion requesting abstention was also filed and served on August 24, 1993.

The adversary proceeding here is based upon state law causes of action. The debtor's complaint alleges that the defendant's account became under-margined pursuant to a written agreement with the debtor which has its principle place of business in the State of New York. The defendant's answer and counterclaim assert that the debtor failed to perform all of the terms and conditions of the written contract and breached its fiduciary duty in failing to liquidate promptly the margin account. Thus, the pleadings in the adversary proceeding are based on state law contract theories.

The adversary proceeding is "related to" this Title 11 proceeding but does not "arise under" the Title 11 case. In reaching this conclusion, the court must determine whether the right to relief in this adversary proceeding "depend[s] upon the construction or application of bankruptcy law as expressed in title 11." *Allied Mechanical & Plumbing Corp. v. Dynamic Hostels,* 62 B.R. 873, 877 (Bankr.S.D.N.Y.1986). In this case, the claims asserted are state law contract issues and do not depend upon the construction or application of bankruptcy law.

This adversary proceeding could not have been adjudicated in a federal court absent jurisdiction under 28 U.S.C. § 1334. Because there is no federal subject matter jurisdiction over a state breach of contract dispute, the bankruptcy filing is the only basis for federal jurisdiction.

The debtor commenced a prepetition action against the defendant in the Civil Court, New York County which is substantially similar to this adversary proceeding. In that action, which is still pending, the debtor seeks the same relief as claimed in the instant proceeding.

Finally, it appears that the statutory factor requiring that the pending state court action could be timely adjudicated in that forum has been satisfied here as well. Although it is unclear how much discovery, if any, has already taken place in the state court action, the defendant asserts that the Civil Court forum, which the debtor chose, is more convenient than this court for all parties. Also, defendant in his answer, has demanded a jury trial pursuant to Federal Rule of Bankruptcy Procedure 9015(b).

The debtor cites authority in support of its position in its opposition to Warwick's motion to abstain. *Opposition Of Thomson McKinnon Inc. To Arnold S. Warwick's Motion to Abstain,* Doc. No. 1682, Nov. 12, 1993. However, the debtor's reliance on these cases, which are each distinguishable from the instant case, is misplaced.

*In re Leco Enterprises, Inc.,* 125 B.R. 385 (S.D.N.Y.1991), held that an action to recover an account receivable which was fixed, matured and not disputed until after the case commenced, was a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(E). In *In re Thomson McKinnon,* 126 B.R. 833 (Bankr.S.D.N.Y.1991), the Chapter 11 debtor filed a proceeding to recover under a note. The defendant moved to transfer venue under 28 U.S.C. § 1412. This Court held that

the debtor was seeking to recover money loaned to the defendant which was property of the estate. In the instant case, the debtor's claim is disputed. The debtor is seeking a judgment on the merits against the defendant and a recovery of a deficiency if it prevails with regard to its alleged right to liquidate the margin account.

*In re Robb,* 139 B.R. 791 (Bankr.S.D.N.Y. 1992), involved a suit brought by a creditor of the Chapter 13 debtor's former husband. The debtor's motion for mandatory or discretionary abstention pursuant to 28 U.S.C. § 1334(c)(2) or (c)(1) was denied. However, unlike the instant case, the state court action was commenced more than one year after the Chapter 13 petition was filed and was in violation of the automatic stay imposed by section 362. Thus, the court held that the debtor had "failed to establish the prerequisite pending state court action to satisfy the requirements for mandatory abstention." *In re Robb,* at 796.

A strikingly similar situation to the instant case may be found in this court's decision in *Allied Mechanical and Plumbing Corp.,* at 62 B.R. 873. In that case, the debtor had commenced an adversary proceeding against a general contractor and a bonding agency for work allegedly performed by the debtor prepetition in accordance with a written agreement between the parties. The defendants filed an answer and counterclaim. Prior to the filing of their Chapter 11 case, the debtor and another entity commenced a substantially similar action in the New York Supreme Court, Bronx County against the defendants. The defendants filed a counterclaim against the debtor in the prepetition state court action. This court reviewed the factors enunciated in 28 U.S.C. § 1334(c)(2) and held that the case was a "related to" proceeding based on a state law cause of action, and thus granted the motion for mandatory abstention.

As in *Allied Mechanical,* the debtor here originally chose to pursue its causes of action against this defendant in a state court forum. The debtor has shown no compelling reason why this bankruptcy court should now determine this state law dispute. Therefore, mandatory abstention is appropriate.

* Reissued Nov. 16, 1993, as to the Treasury Department of the State of Texas which was inad-

*CONCLUSIONS OF LAW*

1. This court has jurisdiction of the subject matter and the parties in this case in accordance with 28 U.S.C. § 157(a).

2. This adversary proceeding, in which a jury trial has been demanded, is related to the debtor's Chapter 11 case and is not a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. This adversary proceeding is based on state law claims or causes of action related to a case under Title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under the Bankruptcy Code.

4. The defendant's motion for mandatory abstention under 28 U.S.C. § 1334(c)(2) is granted.

SETTLE ORDER on notice.