**INTERNATIONAL GATEWAY
COMMUNICATIONS, INC., an
Illinois corporation, Plaintiff,**

v.

**COMMUNICATION TELESYSTEMS IN-
TERNATIONAL, INC., d/b/a World-
xChange Communication, a California
corporation, Defendant.**

No. 96 C 1499.

United States District Court,
N.D. Illinois,
Eastern Division.

April 22, 1996.

Wendy Lee Sheinkopf, Sheffield Systems, Inc./IGC, Alsip, Illinois, for Plaintiff.

Mark L. Yeager, David Michael Keller, McDermott, Will & Emery, Chicago, Illinois, for Defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

On February 16, 1996, the plaintiff, International Gateway Communications, Inc., ("IGC"), filed a verified complaint for declaratory judgment, rescission, and other relief in the Circuit Court of Cook County and served it on the defendant, Communications Telesystems International, Inc. ("CTI"). Twenty-eight days later, on March 15, 1996, CTI filed a timely notice of removal in this court, alleging subject matter jurisdiction under 28 U.S.C. § 1332. On March 26, 1996, defendant CTI filed a motion to dismiss or in the alternative to transfer venue, arguing that a forum selection clause agreed upon by the parties requires that any civil action between the parties be "brought and heard only in a state or federal court located in San Diego County, California." On March 29, 1996, the plaintiff IGC, meanwhile, filed a petition to remand the action to state court, arguing that procedural defects in defendant's notice of removal preclude the removal of the case to federal court. Also on March 29 and thirty-nine days after defendant first received plaintiff's state court complaint, defendant CTI filed a motion for leave to amend its notice of removal, attempting to clear up any procedural defects in its original notice. For the reasons set forth below, defendant's motion to amend its notice of removal is granted, plaintiff's petition for remand is denied, defendant's motion to transfer venue of the case to the United States District Court for the Southern District of California is granted, and defendant's motion to dismiss is denied.

The court first addresses both plaintiff's petition for remand and defendant's motion for leave to amend its notice of removal. Plaintiff's petition for remand is based on two separate points. First, plaintiff argues that defendant's notice of removal is procedurally deficient because it failed to adequately specify the parties' citizenship at the time of the filing of plaintiff's complaint [1] and because it failed to attach a copy of a summons that plaintiff served on the defendant on February 29, 1996. Second, plaintiff argues that this court does not have subject

---

1. Paragraphs 3 and 4 of defendant's notice of removal state the following:

   "3. Communication Telesystems International is a California corporation with its principal place of business in California.

   4. Plaintiff, International Gateway Communications, Inc. ("Gateway"), is an Illinois corporation with its principal place of business in Illinois."

matter jurisdiction because there is no amount in controversy in excess of $50,000. Defendant, meanwhile, in its motion for leave to amend its notice of removal, attempts to cure those procedural defects.

■ Under 28 U.S.C. § 1441, a defendant may remove a case from state to federal court if federal jurisdiction exists. To begin the process, a defendant "shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant." 28 U.S.C. § 1446(a). The notice of removal must be filed within thirty days after a defendant receives a copy of the state court complaint, or is served, whichever comes first. 28 U.S.C. § 1446(b). "Although the thirty day time limit is said to be strictly applied, the time limit is not jurisdictional, and in fact amendments to correct 'defective allegations of jurisdiction' are permitted under 28 U.S.C. § 1653 at any time." *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 368–69 (7th Cir.1993) (citations omitted). In cases where the notice of removal contains procedural defects, the issue for the court is whether the notice was so defective as to be incurable. *Id.* at 369.

■ In this case, while CTI's notice of removal may not have been technically precise, its defects, if any, are curable. First of all, the parties do not dispute the diverse citizenship of the parties both at the time the suit was commenced in state court and at the time of removal. What plaintiff argues is fatal in defendant's notice of removal is that the allegations in the original notice do not specify a specific time frame. Defendant's proposed amendment seeks to clarify the notice by adding that "[c]omplete diversity existed at the time the Complaint was filed and at the time [the notice of removal was] filed." Another court in this district was faced with the identical situation. *Bezanis v. Surgitek/Medical Engineering Corp.,* No. 93 C 4107, 1993 WL 496820 (N.D.Ill. November 29, 1993). In that case, Judge Andersen allowed the amendment to cure the technical defect based on the principles set forth in

*Shaw* and because the plaintiffs were not prejudiced. *Id.* at *2. Because this court agrees with Judge Andersen, defendant's amendment to cure this technical defect is allowed.

Second, plaintiff argues that defendant's notice was procedurally deficient because a summons served on the defendant was not filed with the notice of removal. Again, the plaintiff was not prejudiced because plaintiff itself prepared the summons and its content and service are not at issue. Furthermore, defendant's failure to attach the summons is not incurable. *Shaw,* 994 F.2d at 369; *see also Riehl v. National Mutual Insurance Co.,* 374 F.2d 739 (7th Cir.1967). Therefore, defendant's motion for leave to amend its notice of removal and add a copy of the summons is granted.

Since the court has not found the defects in defendant's notice of removal to be procedurally fatal, the court next addresses whether this court has subject matter jurisdiction. Defendant removed based on diversity. 28 U.S.C. § 1332. The parties do not dispute that there is complete diversity between them. Plaintiff does, however, argue in her petition for remand that there is no amount in controversy in excess of $50,000. 28 U.S.C. § 1332(a).

■ Where the court's jurisdiction is challenged as a factual matter by either the court or the opposing party, the party invoking federal jurisdiction bears the burden of supporting its jurisdictional allegations by "competent proof." *NLFC, Inc. v. Devcom Mid-America, Inc.,* 45 F.3d 231, 237 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 2249, 132 L.Ed.2d 257 (1995). "Competent proof" has been interpreted to mean a preponderance of the evidence or "proof to a reasonable probability that jurisdiction exists." *Id.* (citing *Gould v. Artisoft, Inc.,* 1 F.3d 544, 547 (7th Cir.1993) and *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 366–67 n. 2 (7th Cir.1993)). The court may also examine the record as a whole when making this determination. *Shaw,* 994 F.2d at 366.

■ In those cases, such as this one, where a plaintiff seeks injunctive or declaratory relief, it is well established that the

amount in controversy is measured by the value of the object of the litigation. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 2443, 53 L.Ed.2d 383 (1977). Under the "either viewpoint rule," the court can measure the value of the relief requested from the perspective of either the plaintiff or the defendant. *McCarty v. Amoco Pipeline Co.*, 595 F.2d 389, 395 (7th Cir.1979). The court looks to "the pecuniary result to either party which the judgment would directly produce." *Id.* at 393 (citation omitted).

■ Here, the object of the plaintiff's suit is to escape from liability under a contract that the defendant fraudulently induced plaintiff to enter. The value of the relief, therefore, is measured by the liability that will follow if the contract is valid and enforceable. *See Hunt*, 432 U.S. at 349, 97 S.Ct. at 2443. The record in this case demonstrates that the parties entered into a contract ("the first contract") on February 23, 1995 providing that the defendant would give telecommunications services to the plaintiff in return for payment based on rates set forth in the contract. The fact that this contract was made by the parties does not appear to be in dispute. When the parties' stories begin to diverge is September of 1995. Plaintiff alleges that on September 15, 1995, CTI induced IGC by fraud and misrepresentation to enter a second contract for telecommunications services as well as sign a UCC–1 form giving CTI a security interest in all of IGC's assets. Plaintiff also avers that the second contract superseded the first contract. Defendant, meanwhile, represents that the parties did discuss entering into a new agreement under which CTS would provide IGC with volume discount rates in return for CTS receiving a minimum monthly commitment from IGC. Defendant alleges, though, that the agreement was never entered into because IGC could not satisfy CTS's credit requirements. Defendant also states that, through December 1995, IGC had timely paid all of CTS's invoices. Beginning in January of 1996, however, CTS alleges that IGC has not paid any of its monthly bills. Consequently, CTS alleges that IGC's debt has run up to $179,133.16.

The court has examined the record and concludes that defendant CTS has shown to a reasonable probability that more than the jurisdictional minimum is at stake in this case. The court finds dubious plaintiff's argument that the amount in controversy here is zero. Clearly, if the contract (either the first, second, or both) is enforceable, plaintiff may be liable to CTS for up to $179,133. In the alternative, if CTS is guilty of fraudulent inducement, the pecuniary effect to both parties is well above the jurisdictional minimum. Therefore, the court holds that it does have subject matter jurisdiction over this case based on the jurisdictional statute, 28 U.S.C. § 1332. Accordingly, plaintiff IGC's petition for remand is denied.

The last issue for the court has raised allegations of attorney and client misconduct and the sort of behavior that this court finds most troubling. As stated above, soon after defendant CTI filed its notice of removal, CTI filed a motion to dismiss or in the alternative to transfer venue, arguing that a forum selection clause agreed upon by the parties required that any civil action between the parties be "brought and heard only in a state or federal court located in San Diego, California." In its motion, CTI specifically made reference to a forum selection clause set forth in the first contract made by the parties on February 23, 1995. The court's reading of the first contract makes clear that the contract is generally organized into two parts. The first part of the contract outlines a number of standard terms and conditions, including the effective date of the contract, customer responsibilities, payment terms, the warranty, the notice provision, and the choice of law/forum selection clause. The second part of the contract, meanwhile, is the "Service Schedule," which sets forth the rates that IGC must pay CTI.

The choice of law/forum selection clause, is stated as follows in the first part of the contract:

16. *Choice of Law; Forum.*

(A) *Law* This Agreement shall be construed under the laws of the State of California without regard to choice of law principles.

(B) *Forum* Any civil action or other legal proceeding arising out of or relating to this Agreement or any dealings between Customer, on the one hand, and CTS and/or CTS' officers, directors, employees or agents on the other hand, whether brought before or after any termination of this Agreement, shall be brought and heard only in a state or federal court located in San Diego County, California and the parties hereto expressly waive any rights under any law or rule to cause any such proceeding to be brought or heard in any other location. Customer consents to jurisdiction in any state or federal court located in San Diego County, California in any civil action or other legal proceeding arising out of or relating to this Agreement.

Based on this provision, defendant CTI argues that since the action here arises out of or relates to the agreement or dealings between IGC and CTS and/or CTS's officers, directors, employees, or agents, the proper venue lies in San Diego County.

Plaintiff has vehemently argued that the case belongs here (or more accurately, in the Circuit Court of Cook County, but that's already been addressed). Plaintiff specifically notes that its case was brought to invalidate the second contract entered into by the parties on September 15, 1995, and that a copy of this second contract was attached to its complaint. Plaintiff also states that this second contract supersedes the first contract and that the second contract contains no forum selection clause.

The contract that the plaintiff has continually represented to the court controls in this case in the one attached as an exhibit to its complaint filed in state court. It is a copy of the second contract dated September 15, 1995. The format and wording of this contract is almost identical to the "Service Schedule" described above as the second part of the first contract. Plaintiff argues that since there is no "first part" of this contract containing standard terms and conditions of the contract, there is also no forum selection clause. Plaintiff also goes so far as to file a sworn affidavit by the President of IGC, Thomas W. Jacobs. His affidavit states, *inter alia,* that he "would never have signed a contract with a choice of forum clause for courts outside of Illinois."

Later submissions by the defendant lead this court to believe the plaintiff and its counsel have been less than honest with the court. Defendant has provided the court with a copy of the contract allegedly entered into by the parties on September 15, 1995 (the second contract). While it contains signature lines for both parties, the defendant CTI never signed the contract. The plaintiff, through its president Jacobs, did sign the contract and he initialed each and every page. The contract that Jacobs signed also contained a "first part" of the contract outlining the standard terms and conditions of the contract and included therein was a choice of law/forum selection clause identical to the one described above in the first contract. The president Jacobs' initials can be found right below the forum selection clause.

All of this leads the court to believe that plaintiff's filings have been intentionally incomplete. Such conduct is troubling to the court. The attorney misconduct in this case is an example of the kind of ethical lapses that leads the public to become cynical of the legal profession.

Plaintiff also should be well aware that forum selection clauses are *"prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Hugel v. Corporation of Lloyd's,* 999 F.2d 206, 210 (7th Cir.1993) (citing *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 6, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972)). Since both contracts related to this case contain forum selection clauses and because plaintiff has made no showing as to why they should not be enforced, the court gives them full effect. Accordingly, defendant CTI's motion to transfer venue is granted. This case is transferred to the United States District Court for the Southern District of California, San Diego Division. CTI's motion to dismiss is denied.

## CONCLUSION

Defendant Communication Telesystems International, Inc.'s Motion for Leave to Amend Notice of Removal on its Face to granted. Plaintiff International Gateway Communications, Inc.'s Petition for Remand is denied. Defendant Communication Telesystems International, Inc.'s Motion to Transfer Venue is granted. This case is ordered to be transferred forthwith to the United States District Court for the Southern District of California, San Diego Division. Defendant Communication Telesystems International, Inc.'s Motion to Dismiss is denied.