Carmel Loizon and Patrick LOIZON, on behalf of themselves and all other persons similarly situated, Plaintiffs,

v.

SMH SOCIETE SUISSE DE MICRO-ELECTRONICS, ET HOROLOGERIE SA, a Swiss corporation, SMH U.S., Inc., a foreign corporation, and CPS Department Stores, Inc., a foreign corporation, on behalf of itself and all other entities similarly situated, Defendants.

No. 96 C 4287.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 19, 1996.

Alan M. Goldberg, Ben Barnow, Gina Renee Fietsam, Barnow and. Goldberg, P.C., Chicago, IL, Larry Daniel Drury, Larry D. Drury, Ltd., Chicago, IL, for Plaintiffs.

Hugh R. McCombs, Jr., Lucia Nale, Bettina Getz, Theresa A. Canaday, Mayer, Brown & Platt, Chicago, IL, for SMH Societe Suisse De Microelectronics, SMH U.S., Inc.

Gerald L. Angst, Sidley & Austin, Chicago, IL, John Todd Shapiro, Sidley & Austin, Chicago, IL, for CPS Department Stores, Inc.

### *MEMORANDUM AND ORDER*

LINDBERG, District Judge.

Plaintiffs, Carmel Loizon and Patrick Loizon, filed a complaint in the Circuit Court of Cook County, Illinois, against defendants, SMH Societe Suisse de Horologerie, SMH U.S., and C.P.S. Department Stores ("Carsons"), on behalf of themselves and all other individuals similarly situated. Defendant Carsons removed this action from state court, pursuant to 28 USC § 1446, and based on diversity of citizenship under 28 USC § 1332.

Defendants, who sell or manufacture watches under the name Swatch, manufactured or sold a line of watches that contained a radioactive isotope, tritium. Plaintiffs claim that the tritium-based Swatch watches exposed them to a level of radiation above the recommended safety level set by the International Committee on Radiological Protection. Plaintiffs allege that defendants breached their duties of good faith and fair dealing in failing to disclose the potential exposure to radiation from the watches. Plaintiffs further allege that defendants en-

gaged in fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation under Illinois' Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1 *et seq.* (1992). Plaintiffs request that defendants compensate them for all of plaintiffs' incurred losses, pay plaintiffs' costs and attorney fees, account for all sales of that line of watches, and "inform [all] Plaintiffs that tritium-based Swatch watches cause exposure and absorption of radiation by tritium-based Swatch watches far in excess of the annual skin dose limit for the public and in excess of the maximum level set by the International Committee on Radiological Protection for the public exposure to radiation."

In order to maintain an action under § 1332, the moving party must show that there is complete diversity among the parties and that the action satisfies the jurisdictional amount in controversy. 28 USC § 1332. None of the parties dispute the existence of complete diversity. Plaintiffs, however, have moved to remand this case to state court, under 28 USC § 1447(c), alleging that the jurisdictional amount in controversy has not been satisfied.

When removing a case from state court, the defendants bear the burden to establish, by a preponderance of the evidence, the requisite amount in controversy. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir.1993). "Any doubts should be resolved against finding jurisdiction in this court and in favor of remand." *Estrella v. Boots Co.*, 1996 WL 490721, 1996 U.S.Dist. LEXIS 12441 at *3 (N.D.Ill. Aug 26, 1996).

In class actions suits, the Supreme Court has stated that to satisfy § 1332, each class member usually must satisfy the amount in controversy. *See Snyder v. Harris*, 394 U.S. 332, 335, 89 S.Ct. 1053, 1056, 22 L.Ed.2d 319 (1969). The Court did recognize, however, that class members may aggregate their claims where the members "unite to enforce a single title or right in which they have a common and undivided interest." *Id.*

A growing trend also allows the federal courts to exercise supplemental jurisdiction over other class members under 28 USC § 1367 if a class member satisfies the amount in controversy. *See Stromberg Metal Works, Inc. v. Press Mechanical, Inc.*, 77 F.3d 928, 930 (7th Cir.1996). Defendants do not argue, however, nor is there evidence to indicate, that any individual class members would satisfy the amount in controversy.

Defendants set forth two arguments in support of this court's subject matter jurisdiction. Defendants argue that they have satisfied the amount in controversy under *McCarty v. Amoco Pipeline Co.*'s "either viewpoint" rule, 595 F.2d 389, 393–95 (7th Cir.1979), or because members of the plaintiff class would have a common and undivided interest in part of the relief sought.

Both of defendants' arguments relate to plaintiffs' request to inform all putative class members of the possible radiation exposure from the tritium-based Swatch watches. The parties first disagree on defendants' cost of complying with this injunctive relief. Defendants ask this court also to consider the injunctive relief that plaintiffs requested in a "Petition for Temporary Restraining Order and/or Preliminary Injunction," which was served on defendants but never filed in state court. While this court may consider information outside the pleadings, it does not have to address that issue because, as indicated below, defendants' cost of complying with the injunction satisfies the amount in controversy.[1]

Because there is no evidence that defendants have any records of who purchased the watches or any way of finding out who has ever worn or will wear the watches, the court may find that publication is the only reasonable method to notify the class of the potential dangers from the watch. Defendants maintain that they have satisfied the amount in controversy because the relief requested would require them to advertise in large national papers. In response, plaintiffs argue that defendants would only need to issue a press release or publish corrective advertis-

---

1. Further, plaintiffs allege and defendants do not deny that defendants stopped manufacturing and selling the watches in 1993.

ing in other unnamed national papers. Advertising in two prominent national newspapers, as defendants suggest, may be found to be the best method of informing the putative class members of the potential radiation dangers. Based on the evidence of the advertising costs submitted by defendants, this court agrees with defendants that their cost to satisfy the injunctive relief requested could exceed $50,000. The individual cost to comply with the injunctive relief, however, could be minimal to each class member since the class would probably exceed 100,000 members.

■ Defendants rely on *McCarty v. Amoco Pipeline Co.*'s "either viewpoint" rule to argue that this court has subject matter jurisdiction because the cost to defendants would exceed $50,000. 595 F.2d 389, 393–95 (7th Cir.1979). In *McCarty*, the defendant removed a state action under diversity of citizenship. Although the benefit to the plaintiff of the injunctive relief in question did not satisfy the requisite amount in controversy, the Court of Appeals for the Seventh Circuit held that a defendant could satisfy the jurisdictional amount in controversy by showing that *either* the plaintiff's benefit from the injunctive relief or the defendant's cost of complying with the injunctive relief satisfied the amount.

*McCarty*, however, did not involve a class action, and courts have not applied the "either viewpoint" rule to class actions as defendants request. Defendants argue that "treating class actions as an exception to the "either viewpoint" rule would run afoul of the very policy considerations which compelled the Seventh Circuit to adopt the test in the first place."

With regard to injunctive relief in class actions, this court agrees with the Court of Appeals for the Ninth Circuit that the " '[t]otal detriment' is basically the same as aggregation." *Snow v. Ford Motor Co.*, 561 F.2d 787, 790 (9th Cir.1977). What defendants seek here is to use the "either viewpoint" rule to aggregate the cost of the injunctive

relief in order to satisfy the amount in controversy. That result would "run afoul" of the Supreme Court's rulings that parties cannot aggregate their claims to satisfy the amount in controversy. *See Zahn v. International Paper Co.*, 414 U.S. 291, 301, 94 S.Ct. 505, 511–12, 38 L.Ed.2d 511 (1973); *Snyder v. Harris*, 394 U.S. 332, 335, 89 S.Ct. 1053, 1056, 22 L.Ed.2d 319 (1969).[2]

The court next addresses the argument that plaintiffs have a common and undivided interest in the relief they request. As the Supreme Court stated in *Snyder*, parties can aggregate claims in "cases in which two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." The Court, however, never defined "common and undivided interest." As a result, the phrase "common and undivided interest" remains amorphous, with different courts reaching different conclusions when confronting similar issues.

■ Suits seeking injunctive relief usually present common questions of law or fact. Establishing that common questions exist, as required to satisfy Rule 23(a)(2), however, does not necessarily establish the class members having a common and undivided interest. To establish a common and undivided interest, the moving party must show that the plaintiffs' claims "derive from rights which they hold in group status." *Potrero Hill Community Action Committee v. Housing Authority of San Francisco*, 410 F.2d 974, 978 (9th Cir.1969). In other words, a class has a common and undivided interest "where only the class as a whole is entitled to the relief requested." *Poindexter v. National Mortgage Corp.*, 1991 WL 278454, 1991 U.S.Dist. LEXIS 19643 at *5 (N.D.Ill. Dec. 23, 1991). A court "must look to the underlying causes of action giving rise to a judgment in order to determine whether the plaintiffs' claims can be aggregated to satisfy the jurisdictional amount." *Griffith v. Sealtite Corp*, 903 F.2d 495, 498 (7th Cir.1990).

**2.** This decision does not preclude parties to class actions from using the "either viewpoint" rule to cases where the costs of injunctive relief, pro rated to the class member, would satisfy the

amount in controversy, or where the plaintiffs have a common and undivided interest in the relief they request.

If the parties claim individual injuries from the underlying causes of action, the claims are separate and distinct and aggregation is not allowed. In this case, only the class, and not individual class members, could request the injunctive relief. *See In re Ford Motor Co. Bronco II Products Liability Litigation,* 1996 WL 257570 1996, U.S.Dist. LEXIS 6769 at *21 (E.D.La. May 16, 1996); *Earnest v. General Motors Corp.,* 923 F.Supp. 1469, 1472–73 (N.D.Ala.1996). This court therefore finds that putative class members have a common and undivided interest in the injunctive relief requested.

Having established that plaintiffs have a common and undivided interest in the injunctive relief requested, this court again looks to the "either viewpoint" rule for subject matter jurisdiction. Because the defendants' cost of complying with the requested injunctive relief satisfies the amount in controversy, this court has subject matter jurisdiction over the case. Plaintiffs' motion to remand is denied.

ORDERED: Plaintiffs Carmel Loizon's and Patrick Loizon's motion to remand is denied.