**Joshua S. STEIN, On behalf of himself and all others similarly situated, Plaintiff,**

v.

**SPRINT COMMUNICATIONS COMPANY, L.P., a Delaware Limited Partnership, Defendant.**

**No. 96 C 6644.**

United States District Court, N.D. Illinois, Eastern Division.

June 19, 1997.

## AMENDED MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

This opinion supersedes the court's memorandum opinion and order issued in the instant case on June 17, 1997.

Plaintiff Joshua Stein filed this putative class action on behalf of himself and others similarly situated against defendant Sprint Communications company[1] ("Sprint") in the Circuit Court of Cook County on September 9, 1996. Plaintiff, a New York resident, is a college student in Virginia who enrolled in defendant's "Moonlight Madness" plan which charged a fixed $.09/minute rate for domestic long distance phone calls made between specified hours. The plaintiff class members include all defendant's customers enrolled or participating in its fixed per-minute rate calling plans (such as the "Moonlight Madness" or "dime a minute" calling plan). Plaintiff alleges that defendant marketed its fixed per-minute rate calling programs without disclosing the fact that all calls are subject to an $.80 surcharge. In his prayer for relief, plaintiff requests compensatory damages and a permanent injunction requiring defendant to stop its misrepresentations, disclose the amount of the surcharges, and provide long distance service as contracted for with plaintiff and the class members.

On October 10, 1996, defendant filed a notice of removal in this court pursuant to 28 U.S.C. § 1446 and based on diversity jurisdiction under 28 U.S.C. § 1332. In February 1997, plaintiff filed the instant motion to remand the case for lack of subject matter jurisdiction. Thereafter, defendant filed a motion for leave to file a response instanter in excess of 15 pages because it wished to assert federal question jurisdiction as an additional basis for removal.

For the reasons set forth below, the court denies defendant's request to assert federal question jurisdiction. Further, the court reserves its ruling on plaintiff's motion to remand at this time. The parties are ordered

Clinton A. Krislov, Robert J. Stein, III, Krislov & Associates, Ltd., Chicago, IL, for Plaintiff.

Michael Walter Ward, Henry Ward, Henry T. Kelly, O'Keefe, Ashenden, Lyons & Ward, Chicago, IL, for Defendant.

1. Sprint Corporation was erroneously named in the complaint. The parties agree that Sprint Communications Company, L.P., a Delaware Limited Partnership, is the proper defendant.

to submit briefs in accordance with the schedule set below.

### DISCUSSION

#### I. New Basis for Removal

Pursuant to 28 U.S.C. §§ 1441, 1446, a defendant may remove to federal court a case filed in state court for which federal jurisdiction exists. Section 1446(a) requires the notice of removal to contain a "short and plain statement of the grounds for removal." Section 1446(b) sets forth a time limit for filing a notice of removal:

> The notice of removal of a civil action or proceeding shall be filed within *thirty days* after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within *thirty days* after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. [Emphasis added.]

■ Once a case has been removed, the plaintiff may file a motion to remand pursuant to 28 U.S.C. § 1447(c). Section 1447(c) requires the plaintiff to file a motion to remand based on defects in removal procedure within 30 days after the filing of the notice of removal. However, a motion to remand for lack of subject matter jurisdiction may be filed at any time before final judgment. See 28 U.S.C. § 1447(c); *In the Matter of Continental Casualty Co.*, 29 F.3d 292, 294 (7th Cir.1994).

In the instant case, defendant filed a notice of removal based on diversity jurisdiction, 28 U.S.C. § 1332, on October 10, 1996, within the 30 day time limit under § 1446(b). Plaintiff filed the instant motion to remand for lack of subject matter jurisdiction on February 10, 1997. Shortly thereafter, defendant responded to the motion to remand, accompanied by a motion to file instanter a brief in excess of fifteen pages so that it could assert a new basis for removal: federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff argues that it is too late for defendant to allege a new basis for removal over

five months after plaintiff filed its original complaint.

■ Although the Seventh Circuit has not squarely addressed the issue, several other courts have held that a defendant may not amend its notice of removal after the 30–day limit in § 1446(b) to remedy a substantive defect in the petition. *See, e.g., Iwag v. Geisel Compania Maritima*, 882 F.Supp. 597 (S.D.Tex.1995); *Wyant v. Nat'l Railroad Passenger Corp.*, 881 F.Supp. 919, 924 (S.D.N.Y.1995) (citing cases in Second Circuit); *Castle v. Laurel Creek Co.*, 848 F.Supp. 62 (S.D.W.Va.1994). Admittedly, § 1446(b) presents some tension with 28 U.S.C. § 1653, which permits amendments of pleadings at any time to show jurisdiction. *Id.* ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

Section 1653, although it relates to amendments of pleadings, has been applied to amendments of removal petitions. See, *Shaw v. Dow Brands*, 994 F.2d 364 (7th Cir.1993) (30–day time limit to amend removal petition is not jurisdictional and amendments to correct "defective allegations of jurisdiction" are permitted under § 1653). Most courts have placated the tension between § 1446(b) and § 1653 by permitting amendments only for "technical defects" in the jurisdictional allegations in the notice of removal after the 30–day limit has expired. *See e.g., Shaw*, 994 F.2d at 368–69 (permitting amendment of removal petition which belatedly added one of several defendants' consent to removal); *Energy Catering Services, Inc. v. Burrow*, 911 F.Supp. 221 (E.D.La.1995) (the defendant could not amend notice of removal to assert admiralty jurisdiction where original notice focused solely on diversity jurisdiction); *Iwag*, 882 F.Supp. at 601 (interpreting § 1653 as not allowing removing party to assert grounds for jurisdiction not in original pleading); *Holt v. Lockheed Support Systems*, 835 F.Supp. 325 (W.D.La.1993) (denying amendment to assert federal question jurisdiction, while original notice of removal asserted diversity and supplemental jurisdiction) *see also Wright, Miller & Cooper, Federal Practice and Procedure* § 3733 at 537–38 (2d ed.

1985) ("[T]he petition may be amended only to set out more specifically grounds for removal that already have been stated, albeit imperfectly, in the original petition; new grounds may not be added and missing allegations may not be furnished."). *Cf. International Gateway Communications v. Communication Telesystems International*, 922 F.Supp. 122, 124 (N.D.Ill.1996) (the defendant's failure to include specific time frame of diversity jurisdiction could be cured after 30–day limit where procedural deficit did not prejudice the plaintiff).

█ To determine whether an amendment is "technical" or "substantive," courts have looked to the face of the removal petition. Compare *Borne v. New Orleans Health Care*, 116 B.R. 487, 491 (E.D.La.1990) (declining to permit the defendant to assert a wholly new ground for removal where that ground did not appear on the face of the removal petition), with *Industrial Nat'l Bank of East Chicago v. Employers Casualty Co.*, 1986 WL 1008 (N.D.Ill.) (permitting amendment to removal petition under § 1653 where jurisdiction was imperfectly pled in petition, but not missing completely). In *Borne*, the court explained, 116 B.R. at 491:

> [W]here jurisdiction is apparent from the face of the notice of removal, although imperfectly pleaded, a party may amend its notice of removal to state the basis for the district court's jurisdiction.... On the other hand, where the jurisdictional base is not apparent from the face of the notice of removal, an amendment to add new jurisdictional allegations concerning that jurisdictional base will be denied as untimely.

█ This court agrees with the reasoning in *Borne*, especially given the well-settled policy that the removal statute should be strictly construed and any doubts should be resolved against removing cases to federal court. *See, Ready Transp., Inc. v. Best Foam Fabricators*, 919 F.Supp. 310, 312 (N.D.Ill.1996). In the instant case, defendant did not assert federal question jurisdiction until February 1997, when it responded to plaintiff's motion to remand. Defendant contends that this basis for subject matter jurisdiction did not "manifest itself" until plaintiff's motion to remand.

Although plaintiff's complaint alleges only violations under state law, defendant argues that there is federal question jurisdiction because plaintiff's claims for money damages are governed by the Federal Communications Act, 47 U.S.C.A. § 151 *et seq.*, by regulations promulgated by the Federal Communications Commission ("FCC"), and by tariffs filed by defendant, as required by federal law, with the FCC. Defendant maintains that its removal petition did not allege federal question jurisdiction because it was unaware that money damages were the focus of plaintiff's complaint until it received plaintiff's motion to remand. The court cannot agree. Plaintiff's complaint undeniably requests monetary relief. Moreover, as plaintiff points out, defendant recently removed a case involving the same state law claims as that in the instant case by asserting both federal question and diversity jurisdiction. *See Cahnmann v. Sprint*, 961 F.Supp. 1229 (N.D.Ill.1997) (Zagel, J.). Thus, the court finds untenable defendant's argument that it just realized that. plaintiff's complaint asserts federal question jurisdiction.

█ Alternatively, defendant argues plaintiff has waived its right to object to defendant's untimely assertion of federal question jurisdiction because plaintiff did not file its motion to remand within 30 days after defendant filed its notice of removal (October 10, 1996). Although, under 28 U.S.C. § 1447(c), a plaintiff must file a motion to remand based on any defect in removal procedure "within 30 days after the filing of the notice of removal under section 1446(b)," it defies logic to require plaintiff to have objected to defendant's untimely attempt to allege federal question jurisdiction by November 10, 1996, when defendant did not even assert federal question jurisdiction until February 25, 1997. Defendant, not plaintiff, has missed its 30–day deadline. See 28 U.S.C. § 1446(b). Accordingly, the court denies defendant's request to add federal question jurisdiction as

an additional basis for subject matter jurisdiction.[2]

## II. Removal based on Diversity Jurisdiction

■ Removal from state to federal court is proper over any action that could have originally been filed in federal court. 28 U.S.C. § 1441. A defendant wishing to remove a case has the burden of establishing the jurisdictional requirements with "competent proof," i.e. evidence which proves to a reasonable probability that jurisdiction exists. 28 U.S.C. §§ 1332, 1441; *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424 (7th Cir.1997).

■ Removal based on diversity requires that the parties be of diverse state citizenship and that the amount in controversy exceed $50,000. 28 U.S.C. § 1332.[3] Removal is proper only where the requisite amount in controversy is manifest from a reasonable reading of the complaint. *Tylka v. Gerber Products Co.*, 1996 WL 341441 (N.D.Ill.), at *1. In an action for equitable relief, courts usually measure the amount in controversy by the value of the right sought to be enforced. *Rexford Rand Corp. v. Ancel*, 58 F.3d 1215, 1218 (7th Cir.1995). In so measuring, courts may consider the cost of enforcing the right. *See, e.g., McCarty v. Amoco Pipeline Co.*, 595 F.2d 389 (7th Cir. 1979).

■ Generally, to remove a class action lawsuit under the diversity statute, the jurisdictional amount must be satisfied by each member of the plaintiff class. *See Snyder v. Harris*, 394 U.S. 332, 335, 89 S.Ct. 1053, 1056, 22 L.Ed.2d 319 (1969). However, where the members "unite to enforce a single title or right in which they have a common and undivided interest," the class members may aggregate their claims. *Id.* To determine whether aggregation is necessary, courts "look to the underlying causes of action giving rise to a judgment." *Griffith v. Sealtite Corp.*, 903 F.2d 495, 498 (7th Cir.

1990). If the parties claim individual injuries from the underlying action, their claims are distinct and may not be aggregated. *Loizon v. SMH Societe Suisse de Microelectronics, Et Horologerie SA*, 950 F.Supp. 250, 253–54 (N.D.Ill.1996). In contrast, if only the class, and not the individual members, can request the injunctive relief, the class members have a common and undivided interest in such relief. *Id.*

Courts often aggregate the claims of a plaintiff class in actions for injunctive relief. *See, e.g., Loizon*, 950 F.Supp. at 253–54. In *Loizon*, the plaintiff class sued several sellers and manufacturers of watches under the name "Swatch" for failing to disclose that its watches exposed plaintiffs to a level of radiation above that recommended by the International Committee on Radiological Protection. In addition to demanding money damages, the plaintiffs requested that the defendants "inform [all the] plaintiffs that tritium-based Swatch watches cause exposure and absorption of radiation ... far in excess of ... the maximum level set by the International Committee on Radiological Protection." *Id.* at 252. Given this request, Judge Lindberg found that, "because there [was] no evidence that [the] defendants [had] any records of who purchased the watches or any way of finding out who has ever worn or will wear the watches, ... publication [via a national advertising campaign] [would be] the only reasonable method to notify the class of the potential dangers from the watch." *Id.* at 252. Moreover, based on the evidence of the advertising costs submitted by the defendants, he found that such injunctive relief would cost the defendants over $50,000. *See also Tylka*, 1996 WL 341441, at *2–3 (finding that corrective advertising campaign for large industry like the defendant would certainly cost more than $50,000). Finally, in *Loizon*, Judge Lindberg decided that, because the plaintiffs could request such relief only as a class, they had a common and undivided interest in the relief that would be

---

2. As a result, defendant's motion for leave to file instanter a memorandum in excess of 15 pages in response to plaintiff's motion to remand is denied. Section II of defendant's response brief is stricken.

3. Effective January 1, 1997, the jurisdictional amount was increased to $75,000. 28 U.S.C. § 1332. However, because the complaint was filed prior to that date, the jurisdictional amount applicable to the instant case is $50,000.

aggregated for purposes of diversity jurisdiction. *Id.* at 253–54.

In the instant case, the parties agree that plaintiff's claim for money damages is less than $50,000, but disagree about: (1) the nature of the injunctive relief plaintiff requests; and (2) the cost of providing such relief. Plaintiff and the class members made the following request for injunctive relief in their complaint:

> Permanent injunctions preventing the defendant from continuing to misrepresent the [specified calling plans] and requiring it to disclose the amount of the surcharge and the average cost per minute of [the plans], and requiring it to provide the long distance service as contracted for with plaintiff and class members.

Defendant interprets the aforementioned language as a demand for corrective advertising. Such a campaign, according to an affidavit submitted by defendant, would cost defendant much more than $50,000. Citing *Loizon* and *Tylka,* defendant concludes that the jurisdictional amount for diversity is met.

 Plaintiff argues that the injunctive relief he seeks is only ancillary to his claim for money damages and cites *In re Amino Acid Lysine Antitrust Litigation,* 918 F.Supp. 1181, 1188–89 (N.D.Ill.1996), in support of this argument. Moreover, to the extent his complaint requests injunctive relief, plaintiff argues that he does not demand corrective advertising. Rather, plaintiff explains, defendant may satisfy his request for injunctive relief by inserting an extra line in each class member's monthly bill informing them of the $.80 surcharge. It is not necessary for defendant to launch a corrective advertising campaign; in fact, plaintiff argues, defendant; need not advertise at all.

In *Amino Acid,* Judge Shadur refused to consider the costs of injunctive relief when calculating the amount in controversy, because such relief was only a "tag-along" prayer to the money damages requested in that case. However, in the instant case, plaintiffs' request for injunctive relief is more than ancillary. Their prayer for relief clearly demands permanent injunctions against further misrepresentation and full disclosure of the $.80 surcharge.[4] Nevertheless, the type of disclosure requested is less clear.

Unlike in *Tylka,* plaintiffs have not specifically requested corrective advertising. Also, according to plaintiff, defendants have a list of the names and addresses of the plaintiff class members, all of whom are defendant's customers who receive monthly billing statements from defendant. Therefore, unlike in *Loizon,* corrective advertising would not be the only reasonable way of informing all of the plaintiff class of the $.80 surcharge. Rather, plaintiff suggests, defendants could simply insert a line in each monthly billing statement with this information. Defendants have provided no evidence that such a remedy would cost it more than $50,000 with or without aggregation of the class members' claims.

Still, the aforementioned discussion assumes that the plaintiff class includes only current customers of defendant's fixed per-minute rate calling plans. Plaintiff has offered no explanation as to why he has defined the class to exclude former and potential customers. Consequently, defendant has not addressed: (1) whether former customers are identifiable, and (a) if so, the cost of informing them of the alleged misrepresentations, (b) if not, whether advertising would be required to so inform them; (2) whether informing potential customers would require corrective advertising; and (3) whether the costs of informing either former or potential customers may be aggregated for purposes of establishing diversity jurisdiction. Given these outstanding issues, the court reserves its ruling on plaintiff's motion to remand and orders the parties to submit briefs addressing the aforementioned issues.

### CONCLUSION

For the reasons set forth above, defendant's request to add federal jurisdiction as an additional basis for removal is denied and

---

4. Indeed, as Sprint correctly points out, one of the counts of the complaint alleges violations of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 10/1, which provides only for injunctive relief.

all defendant's briefs (or sections therein) submitted in support of that request are stricken. Further, plaintiff is ordered to file a brief on the issues identified above on or before July 8, 1997. Defendant is ordered to respond on or before July 29, 1997. The court will rule by mail.